**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Sachs,<br><br>   Plaintiff,<br><br>v.<br><br>Dawn Bergin, et al.,<br><br>   Defendants. | No. CV-22-00635-PHX-DWL<br><br>**ORDER** |

The Court has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Although "a plaintiff's assertion of an invalid federal cause of action does not always implicate the existence of subject-matter jurisdiction," dismissal for lack of subject-matter jurisdiction based on "the inadequacy of the federal claim" is proper "when the [federal] claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Robinson v. Aetna Life Ins. Co.*, 2021 WL 2138778, *4 (D. Ariz. 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). For the reasons stated below, the complaint is dismissed for lack of subject-matter jurisdiction.

Plaintiff Kenneth Sachs appears to be distraught about a family court action that occurred in Maricopa County Superior Court and has filed seven complaints—including

this one—against individuals who were somehow involved in that family court decision. For example, Plaintiff previously filed a complaint in this Court against his ex-wife's attorney, which was subsequently dismissed for lack of subject-matter jurisdiction. *Sachs v. Wees*, 2022 WL 901415, *2 (D. Ariz. 2022).

Here, Plaintiff filed this action against his ex-wife and the now-retired judge who presided over the family court action. (Doc. 1 ¶¶ 1-2.) Plaintiff alleges that his ex-wife and the judge violated his and his minor daughter's civil rights under 42 U.S.C. § 1983 and that "parental alienation" was "done by the judge which was not in the best interest of the minor." (*Id.* at 2.) Plaintiff also alleges that there was a "violation of federal RICO laws" pursuant to 18 U.S.C. § 1962(c) and raises "supplemental Arizona [s]tate claims for common law fraud." (*Id.* ¶ 4.)

It appears that the basis for Plaintiff's claims arises from his ex-wife's alleged "money laundering, illicit internet activities, and child prostitution" and the allegation that the judge "ignored some valuable evidence and proof against [Plaintiff's ex-wife], which shows that [the judge] has some ulterior motive behind the partial behavior towards Plaintiff." (*Id.* ¶¶ 1-2.) As for the relief sought, Plaintiff seeks: (1) "the federal courts handle the matter rather than the family court due to the high chances of manipulation by [his ex-wife]"; (2) monetary damages; (3) "[t]he rights of the minor as well as her custody should be given to the plaintiff"; and (4) that this court "take action against [the judge] and grant parental rights to Plaintiff, which is in the daughter's [b]est [i]nterest." (*Id.* ¶ 13.)

Although Plaintiff has asserted § 1983 and RICO claims, the purpose of this suit is to appeal a family court decision. Plaintiff asks that the state court's "ruling regarding parent-time/legal decision making . . . be revoked and reversed." (*Id.* ¶ 5.) He also alleges that "[t]he judge did not follow A.R.S. statutes for the best interest of a child" and "*asks appeals court* for full custody and legal decision making. And supervised visits only for [his ex-wife] and reported to the proper authorities." (*Id.* ¶ 51 [emphasis added].)

Plaintiff is clearly upset about his family situation and the child custody arrangement that stemmed from the family court decision, but such matters must be

handled by state courts because "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008).

The Ninth Circuit has "recognized that '[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* at 859 (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)). This is precisely what is occurring here–Plaintiff seeks review and relief from a family court decision that occurred in Maricopa County Superior Court. (Doc. 1 ¶¶ 2,5, 51; *see also id.* at 13.)

Plaintiff cited § 1983 and the RICO statute in the complaint, but the Court "has no jurisdiction over a claim, regardless of whether the claim is couched in federal terms, if the claim is patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent as not to involve a federal controversy." *Ellis v. Corp.*, 2018 WL 6727259, *3 (D. Ariz. 2018) (internal citations and quotation marks omitted). Here, Plaintiff cannot properly allege a § 1983 claim because there is no allegation that his ex-wife was acting under color of state law and judicial immunity bars Plaintiff from seeking monetary damages from a state-court judge due to what he believes was an adverse ruling. *Lemke v. Jander,* 2021 WL 778653, *4 (S.D. Cal. 2021); *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Plaintiff's RICO claim is similarly insubstantial and frivolous. Plaintiff cites 18 U.S.C. § 1962(c), but it is § 1964(c) that provides a private cause of action. And "[t]o have standing under § 1964(c), a civil RICO plaintiff must show: (1) that his alleged harm qualifies as injury to his business or property; and (2) that his harm was 'by reason of' the RICO violation, which requires the plaintiff to establish proximate causation." *Kraft v.*

*Gainey Ranch Cmty. Ass'n*, 2020 WL 3639983, *2 (D. Ariz. 2020) (quoting *Canyon Cty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008)). "Without a harm to a specific business or property interest—a categorical inquiry typically determined by reference to state law—there is no injury to business or property within the meaning of RICO." *Id.* (quoting *Diaz v. Gates*, 420 F.3d 897, 900 (9th Cir. 2005)). Plaintiff has not asserted any specific injury to his business or property because children are not property. *Salmons v. Oregon*, 2017 WL 4544597, *2 (D. Or. 2017).

Accordingly,

**IT IS ORDERED** that the complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that the motion to dismiss for failure to state a claim (Doc. 8) and motion for alternative service (Doc. 10) are **denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 27th day of May, 2022.

_____
Dominic W. Lanza
United States District Judge